UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES WRIGHT                                              CASE NO.:

    Plaintiff,

v.

WESTROCK SERVICES, LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JAMES WRIGHT, ("Plaintiff" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), seeking recovery from WESTROCK SERVICES, LLC, ("WESTROCK" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2.     At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Nassau County, Florida.

3.     Defendant is a Foreign Profit Corporation Company that is located and does business in Nassau County, Florida, and is therefore within the jurisdiction of this Court.

4.     Plaintiff worked for Defendant in Nassau County, Florida, and therefore the proper venue for this case is the Jacksonville Division of the Middle District of Florida.

5.     At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff's son suffered from a serious health condition as defined by the FMLA, potentially necessitating Plaintiff to take FMLA leave to care for him; and (b) he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for WESTROCK, most recently as a Stockside Supervisor in Fernandina Beach, Florida, from January 23, 1990, until April 16, 2020.

8. On March 25, 2020, Plaintiff's son and WESTROCK employee, Brent Allen Wright ("B. Wright"), was arrested.

9. On March 26, 2020, Mr. B Wright was committed to mental health evaluation pursuant to The Florida Mental Health Act (the "Baker Act"), which he informed Plaintiff of.

10. Soon thereafter, at Mr. B. Wright's request, Plaintiff called Superintendent, Bill Burns ("Mr. Burns"), and informed him about Mr. B Wright's commitment pursuant to the Baker Act.

11. Because Plaintiff was not Mr. B. Wright's supervisor, he could not approve his son's request, so he communicated the request to Mr. Burns.

12. Accordingly, Plaintiff informed Defendant's managers of his son's ongoing and disabling serious health condition, a qualifying event under the FMLA.

13. Plaintiff's disclosure should have prompted WESTROCK to inform Plaintiff of his rights and obligations pursuant to the FMLA – it failed to do so.

14. WESTROCK's failure to do so constituted FMLA interference and is actionable.

15. After speaking to Plaintiff, Mr. Burns approved the request for Mr. B Wright's day off.

16. On April 10, 2020, Mr. Burns called Plaintiff into a meeting along with Assistant Mill Manager, John Hamilton, and Human Resources Manager, Myron Barnett.

17. During this meeting, Mr. Barnett interrogated Plaintiff regarding Mr. B. Wright's Day off request.

18. Plaintiff reiterated that Mr. B. Wright had been committed pursuant to the Baker Act and had little phone access, so he asked his father to make the request to Mr. Burns.

19. Mr. Barnett stated that it was improper for Plaintiff to call out on behalf of Mr. Burns due to an arrest.

20. Plaintiff objected and stated that Mr. B. Wright had already been released from arrest prior to his shift, and that Mr. B Wright only needed the day off due to his serious health condition and mental health commitment.

21. Ultimately, Mr. Barnett suspended Plaintiff without pay.

22. Mr. Barnett also stated that when Plaintiff returned, he was required to attend a meeting and produce proof/records supporting his position.

23. Around April 15, 2020, due to pressure from Mr. Barnett, Mr. B. Wright resigned from his employment.

24. On April 16, 2020, Plaintiff returned to work from his involuntary suspension without pay and attended his scheduled follow-up meeting with Mr. Barnett, Mr. Burns, and Mr. Hamilton present.

25. In this meeting, Plaintiff provided supporting medical documents justifying Mr. B. Wright's hospitalization and need for an emergency day off.

26. Unwilling to assess the evidence, Mr. Burns stated that Plaintiff either had the option to resign or be terminated.

27. None of Plaintiff's managers at this meeting gave any reason for this retaliatory action.

28. In response to the ultimatum, Plaintiff stated that he refused to resign, and stressed that there was no valid reason for Plaintiff's termination.

29. In response to Plaintiff's refusal to resign, Mr. Barnett then instructed Plaintiff to return his work keys and finalized his termination.

30. WESTROCK offered no cogent explanation for taking this extreme adverse employment action against Plaintiff.

31. It is clear that WESTROCK terminated Plaintiff's employment in retaliation for his son suffering a serious health condition, and in retaliation for his potential utilization of a period of continuous FMLA leave in order to care for him.

32. Any other "reason" theorized after the fact by WESTROCK for its termination of Plaintiff's employment is pure pretext.

33. WESTROCK's adverse employment actions recounted herein were taken in interference with, and retaliation for, Plaintiff disclosing his son's serious health condition and potentially utilizing to utilize unpaid FMLA leave to care for him.

34. WESTROCK's actions were unlawful and constitute actionable violations of the FMLA.

35. Plaintiff was unquestionably engaging in statutorily protected conduct (disclosing his son's serious health condition), and unquestionably suffered an adverse employment action (suspension and termination).

36. The timing of WESTROCK's interfering and retaliatory actions toward Plaintiff conclusively establishes that crucial aspect of Plaintiff's *prima facie case*.

37. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

38. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

39. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

40. The timing of Plaintiff's disclosure of his son's serious health condition and Defendant's termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against his by Defendant.

41. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his disclosure of his son's serious health condition and his potential need for protected FMLA leave.

42. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

43. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

44. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

45. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-43, above.

46. At all times relevant hereto, Plaintiff was protected by the FMLA.

47. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

48. At all times relevant hereto, Defendant interfered with Plaintiff by failing to provide his FMLA paperwork or to advise his of his rights and responsibilities under the FMLA in response to his disclosures regarding his son's serious health condition, and by refusing to allow Plaintiff to exercise his FMLA rights freely.

49. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

50. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding his back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

51. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-43, above.

52. At all times relevant hereto, Plaintiff was protected by the FMLA.

53. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

54. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating his employment for disclosing his son's serious health condition and because of his potential need for FMLA-protected leave.

55. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed his son's serious health condition and his potential need for leave pursuant to the FMLA.

56. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

57. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding him back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 7th day of April, 2022.

                                              Respectfully Submitted,

                                              ***/s/ Noah E. Storch***
                                              Noah E. Storch, Esq.
                                              Florida Bar No. 0085476
                                              RICHARD CELLER LEGAL, P.A.
                                              10368 W. SR. 84, Suite 103
                                              Davie, Florida 33324
                                              Telephone: (866) 344-9243
                                              Facsimile: (954) 337-2771
                                              E-mail: **noah@floridaovertimelawyer.com**

                                              *Attorneys for Plaintiff*